ADELE MILLER, Respondent, v. MONTGOMERY R.
HOOPER, Appellant.

*Supplementary proceedings — personal earnings of debtor — what exempt from execution as being such — Code, § 297.*

The defendant was a proprietor of a school, the tuition fees in which were paya-
ble quarterly in advance, one quarter commencing February third. On that
day supplementary proceedings were instituted against him, and on March
eighth a receiver was appointed therein. The quarter fees amounted to about
$600. After the commencement of the proceedings, and before the appoint-
ment of the receiver, the defendant had collected and used some $220. This
application was made to restrain the receiver from collecting the balance of the
accounts due for the quarter, on the ground that they were exempt from exe-
cution as personal earnings of the debtor necessary for the support of his
family.
*Held,* that such application should be granted.

APPEAL from an order denying a motion to stay the proceed-
ings of the receiver, appointed herein, in certain respects.

February 3, 1879, an order in supplementary proceedings for
the examination of the defendant was made herein, served on
defendant, February 4, 1879, and the examination of defendant
taken thereunder, from time to time, until February 21, 1879.

The examination shows that defendant was a school-teacher,
conducting a private school ; that the tuition fees were payable
quarterly in advance ; that the current quarter began February 3,
1879, and among other debts due defendant the fees for that quar-
ter, amounting to about $600, were due on that day. Subsequently
to the service of the order, and during the pendency of the exam-
ination, defendant received and expended a portion of said tuition
fees. On March 8, 1879, two motions were made to the judge
who granted the order upon the examination, and all the proceed-
ings : First, for the appointment of a receiver ; and second, to
punish defendant for contempt, for having expended part of said
tuition fees due February 3, 1879.

Upon the argument of said motion it also appeared that defend-
ant was a householder, has a wife and five children entirely depend-
ent upon him for support, and all of whom he supported. That

the moneys so received by him were absolutely necessary for the support of his family, and were expended by him for food and necessaries in their support.

The motion for a receiver was granted, and the motion to punish defendant for contempt was denied.

The receiver having qualified commenced proceedings against those persons owing for tuition fees for the quarter beginning February 3, 1879.

A motion was then made by defendant for an order restraining the receiver from interfering with said funds, and declaring the same exempt under Code, § 297, and not liable to be reached by said receiver, which motion was denied, upon the ground that the moneys were due when the order was served, and earnings, past or future, were not in question.

*Ellis & Sweeny,* for the appellant.

*S. H. Thayer* for the respondent.

Brady, J. :

The defendant is the proprietor of a school, and his terms require the payment quarterly, in advance, of the sums demanded for the instruction to be given. He has no other source of revenue, and depends entirely upon the profit of this business to support himself and his family. The product appears to be about $1,200, and it appears that his family consists of himself, wife and five children.

The receiver, who was appointed, sought to recover from the debtors of the defendant the sums due in advance for the quarter which had not expired, and which, indeed, had just begun. The effect of this, if sanctioned, would be to prevent the continuance of the business, and to deprive the defendant of a livelihood. He might be able to borrow, but it must be without giving any security, and this, it is fair to presume, he would not succeed well in accomplishing.

His earnings, therefore, for the sixty days preceding the application for the order supplementary herein, being necessary for the support of his family, were exempt, and should be protected.

The service for which the moneys are paid to him are, in effect, paid each day during the quarter; the money to carry out this theory being in his hands. If it were payable at the expiration of the quarter, it is quite clear on the evidence herein, that, under the statute, his earnings for the prior sixty days would be exempt.

I think, for these reasons, that the court below erred, and that the motion made should have been granted.

The order should, therefore be reversed, with ten dollars costs, and the disbursements of the appeal to be deducted from the judgment.

Davis, P. J., and Ingalls, J.:

The exemption, for the benefit of the debtor, to enable him to support his family out of his earnings, should be liberally construed in favor of the debtor. It is a humane provision. I concur in the opinion of my brother Brady.

Order reversed, with ten dollars costs, and the disbursements of the appeal, to be deducted from the judgment.